**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FIRST HORIZON BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1692** |
| **LIONEL NELSON** | **SECTION "O"** |

## ORDER AND REASONS

Plaintiff First Horizon Bank has filed a motion[1] for default judgment against Defendant Lionel Nelson. First Horizon Bank does not set forth the applicable law in its motion, nor does it explain how the complaint's well-pleaded factual allegations satisfy the applicable law. A default judgment should not be entered unless the judgment is "supported by well-pleaded allegations and . . . ha[s] a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). The Court does not hold the defendant in default "'to [have] admit[ted] conclusions of law.'" *Id.* (citation omitted); *see also S. Lafourche Bank & Tr. Co. v. M/V Jenny W*, 2022 WL 20055601 (E.D. La. Nov. 21, 2022) (granting motion for default judgment after previously denying motion for failing to explain or apply relevant law).

Moreover, plaintiff has not provided legal authority or a method of calculation with respect to its request for "attorneys' fees and court costs as of September 29, 2025 in the amount of $8,838.25[.]"[2] *See MSMM Eng'g, LLC v. Carr*, 2022 WL 22858898, at *5 (E.D. La. June 2, 2022) ("[E]ven if a contract stipulates to attorneys'

---

[1] ECF No. 10.
[2] *Id.* at 4.

fees, the fee is still subject to a reasonableness determination by the court.") (citing

*Graham v. Sequoya Corp.*, 478 So. 2d 1223, 1225 (La. 1985)).

Accordingly,

**IT IS ORDERED** that First Horizon Bank's motion[3] for default judgment

is **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 14th day of May, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[3] *Id.*

2